Roger Dale WELCH, Petitioner–Appellant,

v.

Diana K. BUTLER, Warden; Attorney General of the State of California, Respondents–Appellees.

No. 99–56299.

D.C. No. CV–98–02993–ER.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.*

Decided May 29, 2001.

Before PREGERSON, FERNANDEZ and WARDLAW, Circuit Judges.

MEMORANDUM **

Roger Dale Welch appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus challenging his conviction for assault by means likely to produce great bodily injury, with a sentence enhancement for infliction of great bodily injury. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm. We review the district court's denial of a 28 U.S.C. § 2254 habeas petition de

novo. *Dows v. Wood,* 211 F.3d 480, 484 (9th Cir.2000).

Welch contends that counsel was ineffective for failing to consult with and present the testimony of a medical expert. We may not grant federal habeas relief on Welch's claim unless a state court's ruling "resulted in a decision that was contrary to or, an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Weighall v. Middle,* 215 F.3d 1058, 1062 (9th Cir.2000).

The California Court of Appeal's conclusion that Welch was not prejudiced by his trial counsel's failure to present medical expert testimony was not an unreasonable application of *Strickland v. Washington,* 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Expert testimony proposed by Welch would have been cumulative on the issue of the victim's credibility and would not have disproved that she suffered from post-concussion syndrome, a separate basis to support the great bodily injury allegation.

All pending motions are denied as moot.

AFFIRMED.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.